IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



| | |
|---|---|
| David Walding, as Next Friend and on Behalf Of <br> W.O.G., a Minor <br> And <br> Marco Balducci, As Next Friend and on Behalf of <br> J.M.R., a Minor <br><br>     Plaintiffs, <br><br> v. <br><br> Sheriff Glen A. Sachtleben, in his Personal And Official Capacities, <br><br>     Defendant. | § § § § § § § § § § § § § § § § § § § <br><br> C.A. S.A. 07 CA 0766 |

## SECOND AMENDED COMPLAINT

### I. Introduction:

1. Plaintiffs W.O.G. and J.M.R. are sixteen years old and reside in the United States. Both were born in Honduras, and traveled alone to this country in 2006 in the hopes of finding new opportunities and improving their lives. Both were promptly apprehended by U.S. Border Patrol officers and placed in a detention facility for unaccompanied minors. There, sadly, they endured serious criminal abuses at the hands of the staff, as described herein below. Despite their fear and embarrassment, Plaintiffs fully cooperated with local law enforcement agents in the investigation of those crimes. In so doing, they became eligible to receive a U-visa, an immigration status expressly created by Congress to assist law enforcement agents and to protect the victims of certain crimes.

1

2. Despite this federal statute and its clear intent, the Defendant Sheriff has arbitrarily refused to properly certify that the Plaintiffs are indeed such a victims, and that they cooperated in the investigations. Such refusal was based on the Defendant's arbitrary policy of denying certifications to any and all persons, no matter how qualified. As a result the Plaintiffs are deprived of the full and fair consideration of the crucial matter of their eligibility to remain in the United States. Plaintiffs bring this suit pursuant to 42 U.S.C. §1983 against the Sheriff in his individual and official capacities.

## II. Jurisdiction and Venue:

3. This Court has federal question jurisdiction in this case pursuant to 28 U.S.C. §1331, and pendent jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367

4. Venue is proper pursuant to 28 U.S.C. § 1391, because the Defendant resides in Gonzalez County, Texas and the acts and omissions in question arose in that county.

## III. Parties:

5. Defendant Sheriff Glen A. Sachtleben is the Sheriff of Gonzalez County Texas, and on information and belief is a resident of that county as well. His permanent office is located at 1713 East Sarah Dewitt Dr., Gonzalez Texas 78629.

6. Plaintiff W.O.G. is a sixteen year native of Honduras, who now resides in Ft. Lauderdale, Florida. He is currently in removal proceedings and the Executive Office of Immigration Review in San Antonio, Texas has jurisdiction over those proceedings.

7. Plaintiff David Walding, a resident of Austin, Texas, is a United States citizen serving as next friend for Plaintiff W.O.G.. Mr. Walding has represented Plaintiff W.O.G. throughout his immigration proceedings.

8. Plaintiff J.M.R. is a sixteen year native of Honduras, who now resides in Nashville, Tennessee. He is currently in removal proceedings and the Executive Office of Immigration Review has jurisdiction over those proceedings.

9. Plaintiff Marco Balducci, an attorney at law, is a United States citizen serving as Next Friend for Plaintiff J.M.R.. Mr. Balducci has represented Plaintiff J.M.R. throughout his immigration proceedings.

## IV. Statement of Facts:

10. On October 28, 2000, Congress passed the Victims of Trafficking and Violence Protection Act, "TVPA", Pub. L. 106-386. The Act created a new "U-visa"[1], which grants lawful non- immigrant status to victims of certain crimes, if such victims cooperate with law enforcement agencies.

11. As stated by Congress, the U-visa was created to "strengthen the ability of law enforcement agencies to detect, investigate and prosecute cases of domestic violence, sexual assault, trafficking of persons and other criminal activity of which aliens are victims, while offering protections to victims of such offenses."[2]

12. In order to present a prima facie case of eligibility, the person must show four points:

---

[1] 8 U.S.C. §1101(a)(15)(u).
[2] Oct. 8, 2003 Memorandum For Director, Vermont Service Center, from U.S. Department of Homeland Security. Note: The Department of Homeland Security has not yet promulgated final regulations, instead, issuing such clarifying memos to guide and control U-visa procedures in the interim.

    a. He or she suffered substantial physical or mental abuse and harm as the result of one of the listed crimes.

    b. He or she has information about that crime.

    c. He or she has been helpful to law enforcement officers and/or prosecutors.

    d. The crime in question occurred in the United States.[3]

13. The applicant is not required to assist in both the investigation *and* the prosecution in order to be eligible. Either form of cooperation is sufficient for eligibility purposes.[4]

14. The applicant must also present some kind of certification, whether in a letter or other form, from a law enforcement official confirming that the applicant has been, is likely to be, or may be in the future, helpful to the investigation or prosecution of the crime in question.[5] Without such certification, deferrals and/ or U-visas are automatically denied.

15. It is for the Vermont Service Center, an entity of the U.S. Immigration and Customs Enforcement, "ICE" to weigh the gravity of the harm suffered, and the degree of cooperation by the victim, then decide whether or not to defer removal from the United States.

16. It is for law enforcement officers to simply confirm, through a certification, that the person has in fact been the victim of a crime, and has cooperated with the authorities. In short, the officer need only make a simple statement of fact.

17. If the applicant presents such certification, deferral of deportation is strongly preferred as a matter of policy, and if substantial mental and/or physical harm is also established, then deferral is the near automatic result.

---

[3] Id.
[4] Id.
[5] Id.

18. The Vermont Service Center cannot, however, grant a U-visa in the absence of proper certification.

19. Plaintiff W.O.G. was born in Honduras. At the age of 15, he made the arduous and risky journey to the United States in the hope of escaping poverty and finding a better future.

20. Plaintiff W.O.G. was promptly apprehended by U.S. Border Patrol officials in Texas, and subjected to immigration proceedings.

21. Upon orders of the immigration court, Plaintiff W.O.G. was sent to a detention facility for unaccompanied minors located in Nixon, Texas, ("Nixon facility') in the fall of 2006.

22. At the Nixon facility, Plaintiff W.O.G. and a number of the other young detainees were repeatedly pressured for sexual favors by a female guard. Plaintiff was fifteen years old at the time.

23. Plaintiff W.O.G. promptly and repeatedly rebuffed the guard. In return she retaliated, threatening to cut off his legal assistance, keeping him locked in his room, cutting off his telephone privileges, and forcing him to sleep on the floor.

24. A full criminal investigation was later opened by the Defendant Sheriff into the sexual abuse of and assaults on a number of the minors detained at the Nixon facility.

25. Plaintiff W.O.G., despite his fear and humiliation, fully assisted in the investigation by making and submitting a full written statement about his experiences for the local law enforcement authorities, including the Gonzalez County Sheriff's office and the District Attorney's office, in 2007. He also agreed to speak with any investigators if this would help prevent the mistreatment of the other boys detained at the Nixon facility.

26. One of the guards was later prosecuted, and agreed to enter a plea of guilty, to the charges involving her sexual abuses of the detained minors.

27. Despite Plaintiff W.O.G.' full cooperation with local law enforcement agencies, the Defendant Sheriff has failed and refused to issue the proper U-visa certification.

28. Plaintiff J.M.R. was born in Honduras. At the age of 15, he made the arduous and risky journey to the United States in the hope of escaping poverty and finding a better future.

29. Plaintiff J.M.R. was promptly apprehended by U.S. Border Patrol officials in Texas, and subjected to immigration proceedings.

30. Upon orders of the immigration court, Plaintiff J.M.R. was sent to a detention facility for unaccompanied minors located in Nixon, Texas, ("Nixon facility') in the fall of 2006.

31. At the Nixon facility, an intoxicated guard severely battered Plaintiff J.M.R., beating him and throwing him repeatedly against the door and walls.

32. Plaintiff J.M.R. was beaten again the next morning.

33. Such severe beatings could have caused the Plaintiff serious and permanent injuries or even death, yet Plaintiff was never provided with any medical assistance.

34. Plaintiff J.M.R, despite his fears, fully cooperated with the Defendant Sheriff's investigation of the assault.

35. Despite Plaintiff W.O.G.' full cooperation with local law enforcement agencies, the Defendant Sheriff has failed and refused to issue the proper U-visa certification.

36. The Defendant Sheriff has an absolute policy of refusing to issue U-visa certifications at all, and has made clear that he will never reward any person illegally entering the United States with a certification, no matter what the circumstances or eligibility of the applicant.

37. The Defendant's denial of U-visa certification to the Plaintiffs is arbitrary, irrational and capricious and constitutes an abuse of discretion.

38. The Defendant's denial of U-visa certification also unjustly deprives Plaintiffs of a crucial piece of evidence for their immigration proceedings, thus denying them the full and fair consideration by the Vermont Service Center.

39. Such denial instead acts as an absolute bar to consideration for a U-visa or deferral of removal from the United States.

40. Other witnesses to the sexual abuse were certified by the District Attorney in this case,[6] leaving Plaintiff W.O.G. alone without the benefits of the statute, without any reasonable justification for such disparate treatment.

41. Plaintiffs right to due process and to the equal protection of the laws under the Fourteenth Amendment of the U.S. constitution, was thus violated.

42. Defendant Sheriff had no reasonable basis for denying either Plaintiff the certification the requested.

43. Defendant's acts also violate the Plaintiffs' rights to access to the courts, under the First and Fourteenth Amendments of the U.S. constitution.

44. Defendant's acts further deny benefits to and unduly burdens, persons in Gonzalez County on the basis of their national origin, specifically, Central and South America.

---

[6] The District Attorney certified the witnesses used in her prosecution, but cannot certify the persons who were involved only in the Sheriff's investigation, in which she was not involved.

7

45. Defendant was at all times acting under color of state law.

46. Plaintiff has suffered mental and physical harm as a result of these actions.

47. Plaintiff also faces immediate and irreparable injuries if deprived of a fair immigration hearing on his right to remain in the United States.

48. Defendant's absolute policy of denying certifications eviscerates the clear intent and goals of the United States Congress in creating U-visas for cooperative crime victims such as the Plaintiff.

## V. First Cause of Action : §1983

### Defendant's Denial is Arbitrary, Irrational and Capricious

49. Plaintiffs incorporates Paragraphs 1-48, above, herein.

50. Plaintiffs have a due process right to the full and fair consideration of the Vermont Service Center with regard to his application for a U-visa and/or deferral of his removal from the United States.

51. The Plaintiffs are eligible to request the Vermont Service Center to grant them a U-visa, or defer removal, as a result of the criminal acts against them, and their cooperation with law enforcement agencies during the investigation.

52. In order to obtain full and fair consideration of their application for U-visa status and/or deferral of removal, they must present the proper documentation of their eligibility, including the certification by the Defendant Sheriff.

53. By denying the Plaintiffs the certification they had in fact earned, the Defendant Sheriff de facto bars the fair consideration of Plaintiffs' eligibility for the U-visa and/or deferral.

54. The Defendant's policy of refusing to issue any U visa certifications at all is arbitrary, irrational and capricious and constitutes an abuse of discretion.

55. Such refusal violates the Plaintiffs' rights to due process under the Fourteenth Amendment of the United States constitution.

56. Defendant Sheriff was at all time relevant to this lawsuit acting under the color of state law.

57. Plaintiffs have suffered serious harm as a result of these violations of their due process rights.

58. Plaintiffs also face immediate and irreparable injury if deprived of a fair hearing and consideration by the Vermont Service Center.

59. Plaintiffs bring this claim pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief against the Defendant Sheriff in his personal and official capacities.

## VI. Second Cause of Action : § 1983

### Defendant's Denial Violates the Equal Protection Clause

60. Plaintiffs incorporate Paragraphs 1- 48 above, herein.

61. Plaintiffs have a due process right to the full and fair consideration by the Vermont Service Center of his application for a U-visa and/or deferral of removal.

62. Plaintiffs also have the right to the equal protection of the laws, pursuant to the Fourteenth Amendment of the United States constitution.

63. Plaintiffs are eligible to request a U-visa, as a result of the criminal acts taken against them, and their cooperation with law enforcement agencies.

64. Other cooperating victims of the same or similar crimes at the Nixon facility have been granted certifications for U-visa status.

65. The Defendant's denial of certification violates the Plaintiffs' right to equal protection, because there is no rational basis for the disparate treatment of W.O.G. as compared to the other young victims.

66. Defendant Sheriff was at all time relevant to this lawsuit acting under the color of state law.

67. Plaintiffs' suffered serious harm as a result of these violations of their Fourteenth Amendment rights.

68. Plaintiffs also face immediate and irreparable injury if deprived of a fair consideration of his application by the Vermont Service Center.

69. Plaintiffs bring this claim pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief against the Sheriff in his personal and official capacities.


### VII. Third Cause of Action : § 1983

### Access to the Courts

70. Plaintiffs hereby incorporate Paragraphs 1-48 above herein.

71. The Defendant Sheriff's arbitrary refusal to certify the Plaintiffs acts as a full and automatic bar to any fair consideration by the Vermont Service Center of their applications for a U-visa and/or deferral of removal.

72. The Sheriff's arbitrary actions thus deprive the Plaintiffs of their rights to access to the courts, as provided for by the First and Fourteenth Amendments of the U.S. constitution.

73. Defendant Sheriff was at all time relevant to this lawsuit acting under the color of state law.

74. Plaintiffs have suffered serious harm as a result of these violations of his due process rights.

75. Plaintiffs also face immediate and irreparable injury if deprived of fair consideration of their applications by the Vermont Service Center.

76. Plaintiffs bring this claim pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief against the Defendant Sheriff in his personal and official capacities.

## VIII. Fourth Cause of Action : Preemption

77. Plaintiff hereby incorporates Paragraphs 1- 48 above herein.

78. The stated Congressional purpose of 8 U.S.C. §1101(a)(15)(u) is to encourage persons to come forward with information about crimes, and to protect undocumented persons who are the victims of certain crimes by providing them with legal immigrant status in this country.

79. Pursuant to the federal law providing for U-visas, 8 U.S.C. §1101(a)(15)(u), and the accompanying clarifying governmental memoranda described above, the Defendant should properly certify victims of the specified crimes who have in fact cooperated with investigating law enforcement officials.

80. Plaintiffs are the victim of the specified crimes and fully cooperated with the local law enforcement officials, including the Defendant Sheriff.

81. Despite the Plaintiffs' full eligibility for certification, the Defendant has failed and refused, pursuant to his personal policy, to issue such certification without any rational basis for such refusal.

82. The Defendant's policy of refusing to provide certifications under any circumstances undercuts the express goals of the U.S. Congress with regards to matters of immigration, undermines the uniform application of federal immigration laws, and is arbitrary, irrational and capricious and constitutes an abuse of discretion.

83. The Defendant's policy is void and unlawful pursuant to the doctrine of federal preemption.

84. Plaintiffs seek declaratory and injunctive relief pursuant to the preemption doctrine and 8 U.S.C. §1101 (a) (15) (U) and its accompanying clarifying government memoranda.

## X. PRAYER FOR RELIEF:

Wherefore Plaintiffs pray that this Court:

1. Grant a Declaratory Judgment declaring that the Defendant's refusal to issue U-visa certifications under the facts presented here is arbitrary and unlawful under the constitution and federal law, as well as the preemption doctrine.

2. Grant an Injunction requiring the Defendant to properly report and certify that the Plaintiffs were the victims of the specified crimes, and were helpful with the investigation by local law enforcement agencies.

3. Award the Plaintiffs reasonable costs.

Respectfully Submitted,

_____
Jennifer K. Harbury
Attorney At law
Texas Rio Grande Legal Aid, Inc.
300 S. Texas Blvd.
Weslaco, Texas 78596
Tel. 956-447-4800
Texas State Bar No. 08945600

TEXAS RIOGRANDE LEGAL AID, INC.
Jose Garza
Attorney At Law
Texas Rio Grande Legal Aid, Inc.
1111 N. Main Ave.
San Antonio, Texas 78212
Tel. 210-212-3700
W. Dist. Texas No. 07731950

Certificate of Service:

I, Jennifer Harbury hereby certify that on this 24-day of January 2008 I served a true and correct copy of the Second Amended Complaint upon the defendant by mailing a true and correct copy via United States mail to his attorney as follows:

Mr. Robert Bass
Allison, Bass and Associates
A.O. Watson House
402 W. 12th St.
Austin, Texas 78701

_____
Jennifer K. Harbury